IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUSAN NIELEN-THOMAS,
on behalf of herself and all others similarly situated,

                Plaintiff,
  v.

CONCORDE INVESTMENT SERVICES, LLC,
FORTUNE FINANCIAL SERVICES, INC.,
TD AMERITRADE, INC.,
WISCONSIN RIVER BANK, and
WISCONSIN INVESTMENT SERVICES, LLC,

                Defendants.

OPINION & ORDER

18-cv-229-jdp

---

This is a proposed class action in which plaintiff Susan Nielen-Thomas asserts claims under federal and state law concerning defendants' alleged involvement in an investment advisor's fraudulent handling of his customers' investment accounts. Nielen-Thomas and the unnamed plaintiffs are the defrauded customers. Nielen-Thomas filed the case in state court, and defendants Fortune Financial Services, Inc., and TD Ameritrade, Inc., removed it under the Securities Litigation Uniform Standards Act (SLUSA), 15 U.S.C. § 78bb(f)(2). Dkt. 3. A flurry of motions followed removal, all of which are now ripe for the court's ruling. Several defendants move to dismiss Nielen-Thomas's state-law claims as barred by SLUSA, *see* Dkt. 15 and Dkt. 39, and they move to dismiss all of her claims, including the federal-law claim, for failure to state a claim, *see* Dkt. 15; Dkt. 19; Dkt. 39; Dkt. 45. Nielen-Thomas opposes these motions and seeks to remand the case to the Circuit Court for Dane County. Dkt. 42.

Most of these motions hinge on whether SLUSA applies to Nielen-Thomas's claims. Because it does, the court will not remand the case, but it will dismiss the state-law claims

with prejudice. And because Nielen-Thomas fails to state a claim under federal law, the court will dismiss that claim with prejudice, too. As a result, the court will dismiss defendant Wisconsin River Bank's crossclaims without prejudice and close the case.

ANALYSIS

The parties agree that the future of this case hinges on SLUSA's application: if SLUSA applies, as defendants contend, then removal is proper and the state-law claims must be dismissed; if SLUSA does not apply, as Nielen-Thomas contends, then removal was not proper and the court must remand the case to the state court for further proceedings.

SLUSA is the latest legislation addressing how and where private individuals may bring litigation involving nationally traded securities. The history of this area of legislation is recounted in *Cyan, Inc. v. Beaver County Employees Retirement Fund*, 138 S. Ct. 1061, 1066–67 (2018), but for the purposes of this case, the court need only focus on the statutory provisions currently in force, which provide that certain securities class actions may be removed to federal court and then dismissed:

> (1) No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
>
> (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
>
> (2) Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the

> district in which the action is pending, and shall be subject to paragraph (1).

15 U.S.C. § 78bb(f).

The issue is whether this case is a "covered class action." (There's no question that Nielen-Thomas's state-law claims meet the other requirements for removal.) Under SLUSA, a "covered class action" is

> any single lawsuit in which—
>
> (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or
>
> (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members . . . .

§ 78bb(f)(5)(B)(i).[1] Nielen-Thomas attempts to plead around this definition by specifically alleging in her complaint that "upon information and belief, the putative Class consists of at least 35, but no more than 49 members." Dkt. 3-1, ¶ 91. Thus, she does not seek damages on behalf of "more than 50 persons" and her claims do not fall within subparagraph (I).

But what about subparagraph (II)? It doesn't include a minimum number of plaintiffs. At first glance, it appears to simply repeat subparagraph (I)'s definition without the 50-plaintiff minimum. But if that were the case, what would be the point of subparagraph (I)?

---

[1] The remainder of the statutory definition concerns groups of lawsuits and is inapplicable here.

3

No court has directly addressed the application of subparagraph (II), and courts discussing SLUSA more generally—including the Supreme Court—appear to have simply ignored it, describing a "covered class action" simply as one seeking damages on behalf of more than 50 people.[2] Nielen-Thomas argues that these descriptions govern, but they appear solely in dicta.

The statutory language is confusing, but we know that each subparagraph must have some meaning—otherwise, why would Congress have included them both? *See Hibbs v. Winn*, 542 U.S. 88, 101 (2004) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . ." (quoting 2A N. Singer, *Statutes and Statutory Construction* § 46.06 (rev. 6th ed. 2000))). SLUSA's legislative history clears things up: subparagraph (I) was meant to apply to all actions brought on behalf of more than 50 people, regardless of whether they proceed as class actions in the Rule 23 sense, whereas subparagraph (II) was meant to apply to all class actions—that is, actions brought on behalf of one or more unnamed parties—regardless of how many people might fall within the class definition. *See* H.R. Rep. No. 105-803, at 13 (1998) (Conf. Rep.); S. Rep. No. 105-182, at 6–7 (1998) (Conf. Rep.). The intent was to exclude *individual* state private securities actions from SLUSA's bar, not class actions with 50 or fewer plaintiffs. S. Rep. No. 105-182, at 6. Nielen-Thomas attempts to bring claims on

---

[2] *See, e.g.*, *Cyan*, 138 S. Ct. at 1067 ("According to SLUSA's definitions, the term 'covered class action' means a class action in which 'damages are sought on behalf of more than 50 persons.'"); *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014) ("[SLUSA] sets forth exceptions. It does not apply to class actions with fewer than 51 'persons or prospective class members.'"); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 87 (2006) ("The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist."); *Brown v. Calamos*, 664 F.3d 123, 124 (7th Cir. 2011) ("[SLUSA] prohibits securities class actions if the class has more than 50 members . . . .").

behalf of one or more unnamed parties, so it meets the definition of "covered class action" under subparagraph (II).

With the meaning of the statutory language resolved, it's now clear that the other district court opinions that Nielen-Thomas points to are inapplicable here. Each opinion states that a plaintiff may successfully avoid SLUSA by strategically pleading fewer than 51 plaintiffs. *See Kirschner v. Bennett*, No. 07-cv-8165, 2012 WL 13060078, at *16 (S.D.N.Y. June 18, 2012); *Contreras v. Host Am. Corp.*, 453 F. Supp. 2d 416, 419 (D. Conn. 2006); *In re WorldCom, Inc. Sec. Litig.*, 308 F. Supp. 2d 236, 244–45 (S.D.N.Y. 2004). But each of those cases involved named plaintiffs, not a proposed class action with unnamed plaintiffs. In other words, those cases concerned subparagraph (I), not subparagraph (II). Under subparagraph (II), any complaint filed as a class action is automatically barred by SLUSA, provided the other statutory requirements are fulfilled.

Because SLUSA applies to Nielen-Thomas's class action, the court must deny her motion to remand, and it must grant defendants' motion to dismiss her state-law claims. In accordance with *Brown*, 664 F.3d at 127–29, the dismissal will be with prejudice.

That leaves Nielen-Thomas's single federal-law claim, which alleges breach of § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77*l*(a)(2). Before addressing the merits of the claim, a note on the court's jurisdiction is order. Of course, the court would have subject-matter jurisdiction over the 1933 Act claim because it arises under federal law—although defendants didn't plead that basis for removal; they removed solely under SLUSA. Nielen-Thomas argues in a footnote that this claim is not subject to removal under SLUSA because it's not a state-law claim, citing *Cyan*. But *Cyan* held that an action alleging *only* 1933 Act claims may not be removed to federal court under SLUSA. 138 S. Ct. at 1068. That's not

what happened here. By offering no further explanation of her argument against removal of the 1933 Act claim, Nielen-Thomas has waived it. *See Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013) ("We have often said that a party can waive an argument by presenting it only in an underdeveloped footnote . . . ."). The court is satisfied that it has jurisdiction to consider this claim and will turn to the merits.

Section 12(2) provides a private right of action against sellers of securities who make material misstatements or omissions through a prospectus. *Gustafson v. Alloyd Co.*, 513 U.S. 561, 564 (1995); *Friedman v. Rayovac Corp.*, 295 F. Supp. 2d 957, 974 (W.D. Wis. 2003). A "Prospectus" is a "document that describes a public offering of securities by an issuer or controlling shareholder." *Gustafson*, 513 U.S. at 584; *see also Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 609 n.2 (7th Cir. 1995) ("As this case does not concern a public offering, § 12(2) is inapplicable . . . .").

In this case, Nielen-Thomas alleges that Jeffrey Butler, an investment advisor, bought and sold unsuitable investments in his clients' brokerage accounts. Specifically, Butler bought and sold Barclays iPath S&P 500 Short Term Futures, an exchange traded note linked to stock market volatility futures that was unsuitable for Nielen-Thomas and Butler's other clients, who were retail investors. According to Nielen-Thomas, Butler "made an implicit representation that the investments and investment strategy were suitable" and "failed to disclose material facts that were necessary to make the representations that were made not misleading." Dkt. 3-1, ¶¶ 187, 188. Nielen-Thomas alleges that defendant Wisconsin Investment Services, LLC, (Butler's company) is directly liable for Butler's acts and that the remaining defendants (for whom Butler was a registered representative) are either directly or vicariously liable.

6

The court need not sort through the complexities of vicarious and supervisory liability because Nielen-Thomas's allegations fail to state a claim under § 12(2). Butler's alleged fraud just isn't the kind of act that the 1933 Act was meant to address. *See Cyan*, 138 S. Ct. at 1066 ("The 1933 Act required *companies offering securities to the public* to make 'full and fair disclosure' of relevant information." (emphasis added)). Nielen-Thomas does not allege that Butler was selling securities to the public—his role as an investment advisor is more akin to that of the public in the framework of the 1933 Act. And the only prospectus mentioned in Nielen-Thomas's complaint is Barclays's prospectus. *See* Dkt. 3-1, ¶¶ 43, 186. But she does not allege that the prospectus included a material misstatement or omission—and Butler didn't have any control over Barclays's prospectus anyway. Because Nielen-Thomas fails to state a claim under § 12(2) of the 1933 Act, the court will dismiss that claim with prejudice. The court need not reach the merits of the state-law claims because it has dismissed them under SLUSA, so it will deny defendants' motions to dismiss the state-law claims under Rule 12(b)(6) as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff Susan Nielen-Thomas's motion to remand, Dkt. 42, is DENIED.

2. Defendants Fortune Financial Services, Inc., and TD Ameritrade, Inc.'s motion to dismiss, Dkt. 15, is GRANTED.

3. Defendant Concorde Investment Services, LLC's motion to dismiss, Dkt. 39, is GRANTED.

4. Defendant TD Ameritrade, Inc.'s motion to dismiss, Dkt. 19, is DENIED as moot.

5. Defendant Fortune Financial Services, Inc.'s motion to dismiss, Dkt. 45, is DENIED as moot.

6. Plaintiff's claims are DISMISSED with prejudice.

7. Defendant Wisconsin River Bank's crossclaims are DISMISSED without prejudice.

8. The clerk of court is directed to enter judgment accordingly and close the case.

Entered July 26, 2018.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge